IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02625-KLM

NAJEEB RAHMAN,

    Plaintiff,

v.

JAMES BILLINGSLY, Director RRC,
E. PAULTRE, Contract Oversight Specialist RRC,
RAMON MONTES, Director GEO Group, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

_____

**ORDER GRANTING MOTION TO DISMISS**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants James Billingsly, E. Paultre, and the Federal Bureau of Prisons' ("BOP") **Motion to Dismiss** [#22][1] (the "Motion"). The Court has reviewed the Motion [#22], the Response to the Motion [#31], the Reply [#32], the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion to Dismiss [#22] is **GRANTED.**[2]

**I. Background**

---

[1] "[#22]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used through the Order.

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. See [#26].

1

Plaintiff, who is proceeding in this action pro se[3], filed this lawsuit on September 28, 2021, when he was being held at Federal Correctional Institution Englewood in Littleton, Colorado ("FCI Englewood"). *See Amended Complaint* [#9]. Pursuant to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 ("CARES Act"), Plaintiff was released from FCI Englewood to home confinement on August 20, 2020. *Amended Complaint* [#9] at 4. On February 4, 2021, Plaintiff was returned to FCI Englewood to serve the remainder of his sentence. *Id*. Plaintiff was released from federal custody under the First Step Act on March 11, 2022. *Motion to Dismiss* [#22] Ex. 1, Declaration of Paula Trujillo, ¶ 4.

Defendants are Director James Billingsly, Residential Reentry Manager of Federal Bureau of Prisons ("BOP") Phoenix ("RRC Phoenix"); contract oversight specialist E. Paultre, RRC field office, BOP Phoenix; Director Ramon Montes of the GEO Group, Las Vegas Community Correctional Center; and the BOP. *Amended Complaint* [#9], § B. Plaintiff initially sued FCI Englewood Warden J.F. Williams [#1], who was replaced as a defendant by BOP in the Amended Complaint [#9].[4]

Plaintiff's initial Complaint [#1], brought in relation to the termination of his home confinement on September 20, 2021, sued the four individual Defendants in their official

---

[3] The Court must liberally construe the filings of a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] In his Response [#31] to the Motion to Dismiss [#22], Plaintiff seeks to reintroduce Warden Williams as a defendant, but the Court will not consider claims against Warden Williams because he is not named as a defendant in the Amended Complaint. *See Response* [#31], ¶¶ 6, 9.

capacities. *Id.*, § B. Plaintiff initially asserted two claims: (1) that Plaintiff was being detained without cause, violation, or justification, and (2) that Defendant Williams was not following Department of Justice ("DOJ") and BOP directives and policy on home detention. *See Id*. Plaintiff requested that this Court issue orders requiring Defendant Williams and RRC Phoenix to return Plaintiff to home confinement. *Id.*

After Orders directing Plaintiff to cure deficiencies and file an amended complaint were entered by this Court [#4, #7], Plaintiff filed his Amended Complaint [#9] on December 3, 2021. Plaintiff sues Defendants Billingsly, Montes, and Paultre in their official capacities, and BOP as an executive branch agency. *See Id*. The Amended Complaint asserts: (1) that BOP's decision to deny Plaintiff home confinement through the Elderly Offender Home Detention Pilot Program ("EOHD") was arbitrary and capricious under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2); (2) that BOP's decision to deny Plaintiff home confinement through the EOHD denied him his right to procedural due process; (3) that Defendants Montes, Paultre, and Billingsly violated Plaintiff's right to due process by providing BOP a knowingly false basis for terminating home confinement under the CARES Act; and that Billingsly additionally denied Plaintiff EOHD placement based on a justification known to be false. *Id.* Plaintiff requests equitable relief in the form of (1) Defendants' consideration of Plaintiff's return to home confinement under EOHD without reliance on allegedly false information which resulted in his return to FCI Englewood from home confinement, and that (2) all adverse information relied upon by BOP and individual Defendants be disclosed to Plaintiff in order to pursue potential further administrative remedies. *See Amended Complaint* [#9] § G.

Defendants Billingsly, Paultre, and BOP filed their Motion To Dismiss [#22] on July 5, 2022.[5] Defendants seek dismissal pursuant to Fed. R. Civ. P 12(b)(1), arguing that (1) Plaintiff's due process claims are moot because Plaintiff was transferred out of federal custody at time of filing, and (2) the Court lacks jurisdiction to review Plaintiff's APA claim because it is precluded by statute. *Id.* at 1.

Plaintiff's Response [#31] to the Motion [#22] argues that his due process claims are not moot due to his release from FCI Englewood because he is still on supervised release which amounts to federal custody. *Response* [#31] at 10. Plaintiff does not discuss his APA claim in his Response [#31], but attempts to add new claims, discussed further in Section III, *infra*.

Defendants Reply [#32] reiterates that the Motion [#22] should be granted based on mootness and lack of jurisdiction over the APA claim. *Reply* [#32] at 1. Further, Defendants argue that Plaintiff cannot raise new claims in a response to a motion to dismiss, and must instead file an amended complaint in order to do so. *Id* at ¶11.

## II.  Standard of Review

### A.  Rule 12(b)(1)

Subject matter jurisdiction is the Court's authority to hear a case and cannot be waived. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F. & S. Const.*

---

[5] Defendant Montes, the only non-BOP defendant, is not represented by counsel for the other Defendants (Reply [#32] at 1 n. 1), and it appears that Plaintiff has not yet effectuated proper service on him.

4

*Co. v. Jensen,* 337 F.2d 160, 161 (10th Cir. 1964).  If at any time, the Court determines that it lacks subject matter jurisdiction, the Court must dismiss the action.  Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms.  First, if a party attacks the facial sufficiency of the complaint, the Court must accept the allegations of the complaint as true.  See *Holt v. United States,* 46 F.3d 1000, 1002–03 (10th Cir. 1995).  In that circumstance, a Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler,* 442 F.2d 674, 677 (10th Cir. 1971).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the Court may make its own findings of fact.  See *Id.* at 1003. In that circumstance, the Court's consideration of evidence outside the pleadings, including affidavits, will not generally convert the motion to dismiss to a motion for summary judgment under Rule 56.  *Id.*  In this case, Defendants challenge the facial sufficiency of the complaint, and the Court therefore accepts Plaintiff's allegations as true.

### III. Analysis

**A.     Mootness**

The law recognizes are two kinds of mootness: constitutional mootness and prudential mootness.  *Rio Grande Silvery Minnow v. Bureau of Reclamation,* 601 F.3d 1096, 1121 (10th Cir. 2010).  "Under the constitutional mootness doctrine, a federal court has jurisdiction over only 'cases' and 'controversies.'" *Id.* (quoting U.S. Const. art. III, § 2, cl. 1).  "Even if a case is not constitutionally moot, a court may dismiss the case under the prudential-mootness doctrine if the case 'is so attenuated that considerations of

5

prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the *power* to grant.'" *Id.* (quotation omitted). The Court focuses on constitutional mootness.

The crux of Defendants' Motion [#22] on this issue is that Plaintiff's requested relief, the return to home confinement, is retrospective and moot because Plaintiff has been released from federal custody. *See Motion* [#22] at 1. Because Plaintiff is no longer incarcerated and in the custody of BOP, Defendants argue that Plaintiff has no cognizable interest in his constitutional claims. *Id* at 11. Plaintiff's Response [#31] argues that his claim is not moot for two reasons: (1), Plaintiff remains in custody while on supervised release and redress is possible by reducing his term of supervised release, and (2) Plaintiff falls under the exception to the mootness doctrine as a wrong capable of repetition, yet evading review. *See id.* at 10.

Turning to the analysis, this Court has no jurisdiction to consider moot cases, that is, cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980). Mootness is an issue of subject matter jurisdiction, which can be raised at any stage of the proceedings. *Kennedy v. Lubar,* 273 F.3d 1293, 1301-02 (10th Cir. 2001). Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002). "It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." *Deberry v. Davis,* 460 F. App'x 796, 799 (10th Cir. 2012) (internal quotations and citation omitted).

6

A claim may become moot at any point in the controversy and deprive the Court of authority to decide questions which were previously at issue. *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477–78 (1990). "[I]t is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *McLendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996). Nevertheless, the Court will not dismiss a case as moot if "the issue is deemed a wrong capable of repetition yet evading review. . . ." *Riley v. INS,* 310 F.3d 1253, 1257 (10th Cir. 2002) (citations omitted).

### 1. Whether Plaintiff's Release from Custody Renders his Due Process Claims Moot

Defendants argue that Plaintiff's constitutional claims are moot because he has been released from federal custody. *See Motion* [#22] at 1. In his Response [#31], Plaintiff argues that the case is not moot as he is still in the custody of the United States because he remains on supervised release. *Response* [#31] at 10. In support of this contention, Plaintiff cites several cases from the Ninth Circuit that interpret the term "custody" in the context of habeas corpus proceedings. Those cases are distinguishable because this is not a habeas case, but a case where Plaintiff is seeking prospective equitable relief in the form of release from prison. In this context, courts have found that such a claim is moot once an inmate has been released from confinement. *Lee v. Shephard,* No. 92-7029, 1993 WL 53586, at *3 (10th Cir. 1993); *see also Robledo-Valdez v. Trani,* No. 12-cv-02203-WYD, 2013 WL 3216093, at *2 (D. Colo. June 25, 2013) (holding applicant's case was moot once he "was released on parole").

Further, by statute, after being sent to supervised release, a prisoner "shall be released by the Bureau of Prisons to the supervision of a probation officer." 18 U.S.C. §

7

36249(e). The term "release" in the context of this statute means both release from imprisonment and BOP's legal custody at the expiration of the prescribed sentence. *See United States. V. Earl,* 729 F.3d 1064 (9th Cir. 2013); *see also United States v. Channon,* 845 F. App'x 783, 786 (10th Cir. 2021) (holding that supervised release does not commence until after the defendant has completed his term of imprisonment). As a result, "an individual on supervised release is not in the BOP's custody," and BOP's legal custody of Plaintiff terminated when supervised release began. *United States v. Mike,* 596 F. App'x 692, 695 (10th Cir. 2014).

Therefore, the equitable relief that Plaintiff seeks, consideration of release on home confinement, cannot be granted to him by Defendants. Defendants lack control over Plaintiff and the terms of his confinement such that providing Plaintiff his requested "relief [is] impossible." *Jordan v. Sosa,* 654 F.3d 1012, 1023 (10th Cir. 2011). There is not an "actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70 (1983). Plaintiff's claim is thus constitutionally moot because a "proper judicial resolution" would not settle "some dispute which affects the behavior of the defendant toward the plaintiff." *McAlpine v. Thompson,* 187 F.3d 1213, 1215 (10th Cir. 1999) (internal citation and quotation marks omitted). Because Plaintiff is no longer in the custody of BOP, "an entry of equitable relief in his favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendant's behavior towards him[,]" rendering the claim moot. *Sosa,* 654 F.3f at 1027. Thus, the Court turns to the exception to mootness relied on by Plaintiff.

### 2. Wrong Capable of Repetition Yet Evading Review Exception

Plaintiff argues that the doctrine of mootness does not apply to this case because it represents a wrong that is capable of repetition, yet evading review. *Response* [#31] at 10. The Court notes that this exception is narrow and "is only to be used in exceptional situations." *Chihuahuan Grasslands All. v. Kempthorne,* 545 F.3d 884, 892 (10th Cir. 2008) (quoting *White v. Colorado,* 82 F.3d 364, 366 (10th Cir. 1996)). This narrow exception applies only when two conditions are met simultaneously: "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna,* 118 S. Ct. 978, 988, 140 L. Ed. 2d 43 (1998) (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 481, 110 S. Ct. 1249, 1255, 108 L. Ed. 2d 400 (1990)).

The only argument Plaintiff makes as to the applicability of the exception is that "jeopardy is still attached to [Plaintiff], thus subjecting him to this action again." *Response* [#31] at 10. As Defendants note, Plaintiff does not explain how this argument applies to this case. Plaintiff does not argue or show how he could be returned to BOP custody and, again, denied home confinement. *See Reply* [#32] at 3.

The Court finds that Plaintiff has not met his burden of showing that the exception applies, let alone that this is an exceptional situation where it should be applied. *Chihuahuan Grassland All.,* 545 F.3d at 892. At issue is the second prong of the exception -- the expectation that the complaining party will be subject to the same action again. *See Spencer,* 118 S. Ct. at 978. Plaintiff must demonstrate a good chance of being injured by the defendant in the future. *See Facio v. Jones,* 929 F.2d 541, 544 (10th

Cir. 1991). Thus, the expectation of future repeated injury must be reasonably certain, and courts will not entertain claims that move into "the area of speculation and conjecture." *Sosa,* 654 F.3d at 1024. Plaintiff has not demonstrated that the chance of being incarcerated again is reasonably certain. In fact, the Tenth Circuit has rejected the argument being made by Plaintiff, holding that "the hypothetical possibility that [the plaintiff], a former inmate on supervised release, will violate the terms of that supervised release and be returned to the same prison and same conditions of confinement cannot save an otherwise moot claim. . . ." *McAlpine,* 187 F.3d 1213, 1217 (10th Cir. 1999). Because Plaintiff has not demonstrated that there is a likelihood of future repeated injury, as compared to speculation, this exception to the mootness doctrine does not apply to his claim.

### 3. Conclusion as to Mootness

Plaintiff has already been released from custody and is no longer incarcerated. Accordingly, the relief he requests in connection with transfer to home confinement cannot be granted because there is no longer a live case or controversy presented to this Court. Additionally, Plaintiff's claim does not fall under the narrow exception to the mootness doctrine for circumstances that are capable of repetition yet avoiding review. The argument that Plaintiff may violate his supervised release conditions, go back into custody, and then be denied the right to home confinement is entirely speculative and does not meet Plaintiff's burden of demonstrating that the exception would apply. Plaintiff's claim is thus moot.

Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's due process claims. If the Court issued an order granting the relief requested, the order would be an

10

impermissible advisory opinion regarding Defendants and would have no "effect in the real world" for Plaintiff. *See Sosa*, 654 F.3d at 1029. As a result, the Motion [#22] is granted as to the mootness argument and Claims Two through Five are **dismissed without prejudice.** *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006) (holding that a claim dismissed for lack of subject matter jurisdiction must be dismissed without prejudice).

B.    **Jurisdiction under the Administrative Procedures Act ("APA")**

Claim One of the Amended Complaint [#9] is an APA claim under 5. U.S.C. § 706(2), which asserts that the decision to deny Plaintiff home confinement denied his right to procedural due process and was arbitrary and capricious agency action. *See Amended Complaint* [#9] at 5-7. Defendants argue that this Court lacks jurisdiction to review the APA claim because judicial review is precluded by statute. *Motion to Dismiss* [#22] at 15. Further, Defendants argue that because Plaintiff did not address the APA claim in his Response [#31], Plaintiff has effectively abandoned this claim. *Reply* [#32] at 8.

The Court agrees with Defendants that this Court does not have jurisdiction to review the APA claim. Pursuant to 18 U.S.C. § 3624, the BOP is given authority to place prisoners in home confinement. While the APA provides review for most agency decisions, it does not apply "to the extent that statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Here, 18 U.S.C. § 3265 specifically states that the APA does not "apply to the making of any determination, decision, or order under this subchapter."

Based on the foregoing, the Tenth Circuit has made clear that a federal court may not review under the APA the BOP's substantive decision to deny a federal prisoner eligibility for early release or home confinement. *See Standifer v. Ledezma,* 653 F.3d

11

1276, 1279 n.3 (10th Cir. 2011) (allowing federal prisoner to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625); *see also Siemsen v. Goetz.,* No. 18-CV-02856-MEH, 2019 WL 1777510, at *4 (D. Colo. Apr. 23, 2019).  This Court may only review whether BOP exceeded its statutory authority in making such a determination, which Plaintiff has not averred.  See *Hunnicutt v. Hawk,* 229 F.3d 997, 1000 (10th Cir. 2000) ("Because the Administrative Procedure Act does not apply to § 3621, we may not review whether the BOP erred in [the petitioner's] particular case, but may only review whether the BOP exceeded its statutory authority. . . .").

Based on the foregoing, the Court lacks jurisdiction to hear the Plaintiff's APA claim, and this claim is also **dismissed without prejudice.**  *Brereton, 434 F.3d at 1218*

### C.     The New Claims Plaintiff Attempts to Add

Finally, the Court addresses the fact that Plaintiff has attempted to assert new claims in his Response [#31] which were not made in the Amended Complaint [#9].  Thus, Plaintiff asserts new claims for monetary damages against Defendants in their individual capacities.  *Id* at 9.  Plaintiff alleges that Defendants injured him through continual detention and circumvention of release.  Plaintiff sues Defendant Montes pursuant to 42 U.S.C. § 1983, and Defendants Billingsly, Paultre, and Williams under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 288 (1971).  *Id.*

As Defendants correctly point out, a Plaintiff cannot use his response brief to attempt to amend the complaint by adding new allegations or new claims.  See *Abdulina v. Eberl's Temporary Servs.,* 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015).  Instead, the Court is limited to assessing the legal sufficiency of the allegations contained within the

12

four corners of the complaint.  *Jojola v. Chavez,* 55 F.3d 488, 494 (10th Cir. 1995). Accordingly, the new allegations and claims are not proper and must be disregarded.

### IV.  Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Defendant's Motion to Dismiss [#22] is **GRANTED**, and the claims against the Defendants are dismissed **without prejudice**.

Dated: February 14, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge